UNITED STATES COURT OF APPEALS
FOURTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| *Plaintiff-Appellee* | : | |
| v. | : | Case No. 24-4359 |
| | : | |
| ROBERT KING | : | |
| *Defendant-Appellant* | : | |

**UNITED STATES' UNOPPOSED MOTION TO STAY PENDING *UNITED STATES V. BROWN***

The United States respectfully moves that this appeal be placed in abeyance pending a decision from this Court in *United States v. Brandon Brown*, No. 24-4182 (4th Cir.). In support of its motion, the government submits the following:

1. In his docketing statement, Robert King notes that he expects to challenge the denial of his motion to dismiss, which argued that 18 U.S.C. § 922(g)(1) is facially unconstitutional in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), and, at a minimum, unconstitutional as-applied to him. Dkt. No. 6-1, at 2. Notably, Mr. King filed a lengthy brief in the district court alleging § 922(g)(1) is unconstitutional, both facially and as-applied, and asked for the case to be dismissed. *See* Dkt. No. 39, Case No. 7:23-cr-00034 (W.D. Va).

1

2.  Since Mr. King's challenge in the district court, two important developments have taken place: in response to a similar *Bruen*-based challenge this Court held in *United States v. Canada*, 103 F.4th 257 (4th Cir. 2024), that § 922(g)(1) is facially constitutional, but did not address the viability of, or the analytical rubric for, as-applied challenges. And in *United States v. Rahimi*, 144 S.Ct 1889 (Jun. 21, 2024), the Supreme Court provided additional guidance on the appropriate text-and-history analysis for Second Amendment challenges and found that a related restriction, 18 U.S.C. § 922(g)(8) is constitutional.

3.  The appellant in *Brown* recently filed his opening brief, raising many of the same issues and arguments that will likely arise in this appeal. *See* Dkt. No. 20, Case No. 24-4182. For example, like Mr. King, the appellant in *Brown* argues that § 922(g)(1) is facially unconstitutional; and while the district court briefing here did not have the benefit of *Canada* or *Rahimi*, the appellant in *Brown* addresses both decisions—attempting to map the standard *Bruen*-based critiques of § 922(g)(1) onto a post-*Canada* and *Rahimi* landscape and grappling with the same issues Mr. King will have to face in advancing his claims in this appeal. Similarly, the briefing in *Brown* contains several arguments

about whether § 922(g)(1) is constitutional as applied to the Appellant—which, again, the decision in *Canada* was not obligated to address—including because the appellant in *Brown*, like Mr. King, was previously convicted of robbery. *Id.* So once again, Mr. King is almost certainly bound to tread the same analytical and diagnostic path as the appellant in *Brown* for purposes of this appeal.

4. In light of that overlap, the government anticipates that this Court will provide significant additional guidance about *Bruen*, *Canada*, and *Rahimi*, as well as the constitutional propriety (both facially and as applied) of 18 U.S.C. § 922(g)(1) in advance of this case being resolved. In fact, the resolution of *Brown* may involve a published opinion that binds the parties and the Court on these issues and largely resolves one or more of these pending disputes. Separately briefing these same questions in this case, therefore, is unnecessary.

Accordingly, to preserve judicial resources and those of the parties and to facilitate the orderly administration of justice, this Court should stay this appeal pending a decision from this Court in *Brown*.

As required by Local Rule 27(a), the United States sought the position of Appellant's counsel. She agrees this appeal should be placed in abeyance pending the resolution of *Brown*.

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
United States Attorney

/s/ Jonathan Jones

Jonathan Jones
United States Attorney's Office
310 1st Street SW, Suite 906
Roanoke, VA 24011
(540) 857-2250
jonathan.jones2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

s/ Jonathan Jones
Assistant United States Attorney

4